**KRISTY L. FERARA**
**711 AMBERTON CROSSING**
**SUWANEE, GEORGIA 30024**
**(770) 904-6299**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| Kristy L. Ferara,<br><br>                    Plaintiff, Pro Se<br><br>        v.<br><br>Tobin Kessler Greenstein Caruso Wiener<br>& Konray P.C.<br><br>                    Defendant. | C.A. No:<br>Honorable , U.S.D.J.<br>Honorable , U.S.M.J.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### Breach of Contract
### Breach of Fidutiary Duty
### Legal Malpractice

1.  In mid 2012, Plaintiff hired attorneys to create a "counterclaim" for what Plaintiff considered to be Legal Malpractice. Attorneys Page Pate, Jess Johnson of Georgia and Michelle Hangley of New Jersey believed that Plaintiff had a Legal Malpractice claim worth at least $1 million. See attached case outline (Exhibit B) regarding a case that has since been dismissed.

1

2.  On March 8th, 2018, her above mentioned attorneys (Mr. Pate, Mr. Johnson and Ms. Hangley) withdrew from the case.

3.  In early May 2018, Plaintiff entered into an agreement with attorney Roy Konray of Tobin Kessler Greenstein Caruso Wiener & Konray P.C. (hereinafter, "Mr. Konray") to review her case (claim and counterclaim). After initial review, Mr. Konray agreed that even though he saw the enormous damage Plaintiff had suffered, and had continued to suffer since 2012 (from Begelman Orlow's lawsuit), he did not see how he could improve the outcome of her counterclaims, given the way the counterclaims had been handled.

4.  The problems with the counterclaim were as follows:

    - the need for an expert witness for Plaintiff's economic damages,

    - the need for an expert witness headhunter that would testify as to Plaintiff's inability to be hired by potential employers due to Begelman Orlow's (Plaintiff's initial lawyers) action of publishing that Plaintiff is an IRS whistleblower, as well as other very negative references.

    - proof of Plaintiff's worth on the job market (annual income that Plaintiff has gained in the past)

    - a reasonable calculation of Plaintiff's business losses due to the burden of the lawsuit

- witnesses coming from family and friends that would testify how severely Plaintiff has been affected psychologically, emotionally and financially by the lawsuit, etc.

5.  Mr. Konray alleged that the work of Mr. Pate, Mr. Johnson and Ms. Hangley was defective and that after he resolved Plaintiff's case against Begelman & Orlow, he would consider filing a complaint against Mr. Pate, Mr. Johnson and Ms. Hangley, if Plaintiff could confirm that she had never refused the use of an economic damage expert, headhunter expert, etc..

6.  Mr. Konray valued Plaintiff's damages at around $2.7 million. Plaintiff had already hired a Legal Malpractice expert in 2013, as required by New Jersey law.

7.  Plaintiff confirmed that she had never refused the use of an economic damage expert, headhunter expert, etc..  Mr. Konray charged her with the task of making certain that Plaintiff had no information that would show her refusing the use of an economic damage expert, headhunter expert, etc..

8.  Plaintiff found no data showing a refusal to hire the above mentioned experts. Plaintiff communicated this to Mr. Konray via e-mail on August 21st, 2018, and he responded the same day that he would get back to her (see Exhibit A).

9.  In early April 2024, Plaintiff contacted Mr. Konray asking about his opinion on the case, he said "You just missed the deadline", but would look into that case for a possible extension given the timing of the case. Plaintiff has not heard from him since.

10. As a result of Mr. Konray's actions, Plaintiff is now time barred from pursuing monetary compensation against Mr. Pate, Mr. Johnson and Ms. Hangley for loss of her personal and professional reputation, loss to her business, as well as legal fees and costs, due to their alleged defective handling of Plaintiff's Counterclaim.

## Count 1: Breach of Contract

11. Plaintiff re-alleges Paragraphs 1-10 of her claims as though fully restated herein.

12. A contract for legal services relating to Plaintiff's NJ case (Claim and Counterclaim, Case Number: 1:12-cv-00329-JHR-KMW) was entered into on May 4, 2018 with Mr. Roy Konray of Tobin Kessler Greenstein Caruso Wiener & Konray P.C. (hereinafter, "Mr. Konray").

13. Thereafter, Mr. Konray provided legal services for Plaintiff relating to her NJ Claim and Counterclaim until resolution.  Please see Exhibit B for the timeline of the case.

4

14. Mr. Konray agreed to look into a potential Legal Malpractice claim against Mr. Pate, Mr. Johnson and Ms. Hangley. He did not follow up on this agreement. Please see Exhibit A for the e-mail exchange.

15. Plaintiff thought that she was being represented by a law firm with a record of success.  Instead, Plaintiff has been denied an opportunity to pursue a claim for monetary compensation against Mr. Pate, Mr. Johnson and Ms. Hangley for loss of her personal and professional reputation, loss to her business, as well as legal fees and costs, due to their alleged defective handling of Plaintiff's Counterclaim.

## Count 2: Breach of Fiduciary Duty

16. Plaintiff re-alleges Paragraphs 1-15 of her Claims as though fully restated herein.

17. A contract for legal services relating to Plaintiff's NJ Claim and Counterclaim (Case Number: 1:12-cv-00329-JHR-KMW) was entered into on May 4, 2018 with Mr. Roy Konray of Tobin Kessler Greenstein Caruso Wiener & Konray P.C. (hereinafter, "Mr. Konray").

18. Thereafter, Mr. Konray provided legal services for Plaintiff relating to her Claim and Counterclaim until resolution.  Please see Exhibit B for the timeline of the case.

5

19. Mr. Konray agreed to look into a potential Legal Malpractice claim against Mr. Pate, Mr. Johnson and Ms. Hangley. He did not follow up on this agreement and did not inform Plaintiff that he was not going to pursue the Legal Malpractice case. This prevented Plaintiff from seeking timely legal assistance elsewhere to review Plaintiff's potential Legal Malpractice claim.

20. As a direct and proximate cause of this breach, Plaintiff has been denied an opportunity to pursue a claim for monetary compensation against Mr. Pate, Mr. Johnson and Ms. Hangley for loss of her personal and professional reputation, loss to her business, as well as legal fees and costs, due to their alleged defective handling of Plaintiff's Counterclaim.

## Count 3: Legal Malpractice

21. Plaintiff re-alleges Paragraphs 1-20 as though fully restated herein.

22. Mr. Konray negligently breached each of the duties mentioned in Paragraphs 1-20.

As a direct and proximate cause of these breaches, Plaintiff is now time barred from pursuing monetary compensation for damages in the form of injured reputation, loss of business and legal expenses and costs, based on her Counterclaims.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff prays that this Court grant judgment against Tobin

Kessler Greenstein Caruso Wiener & Konray P.C. as follows:

    (a) For a jury trial on all counts;

    (b) Enter judgment in Plaintiff's favor on each of Plaintiff's claims and

    (c) For actual damages, punitive damages, and reasonable attorney's fees. Or

       whatever the court may deem reasonable.


This 7th day of August, 2024.

                        **KRISTY L. FERARA, Pro Se**

                        **711 Amberton Crossing**
                        **Suwanee, GA 30024**
                        **(770) 904-6299**

Ferara vs. Konray

# Exhibit A

E-mail Exchange Kristy Ferara and Roy Konray

August 2018

## RE: Case Evaluation for PJ and MH Legal Malpractice - Time Sensitive

From:   Roy Konray (rjk@teamlaw.com)

To:     kristyferara@aol.com

Cc:     kg@teamlaw.com; rolfsch1@aol.com

Date:   Tuesday 21 August 2018 at 13:09 GMT-4

Hi Kristy,

Receipt acknowledged.  I will get on it.

Roy Konray
Tobin Kessler Greenstein Caruso Wiener & Konray, P.C.
136 Central Avenue
Clark, New Jersey 07066
☎Office:  732-388-5454
🖷Fax:     732-388-8711
✉Email:  rjk@teamlaw.com

Please consider the environment before printing this email

1-800-TEAM-LAW.
T E A M L A W . C O M

**From:** Kristy Ferara [mailto:kristyferara@aol.com]
**Sent:** Tuesday, August 21, 2018 12:34 PM
**To:** Roy Konray
**Cc:** Kelly Gamone; rolfsch1@aol.com
**Subject:** Case Evaluation for PJ and MH Legal Malpractice - Time Sensitive

Hello Roy,

As a follow-up on our June discussions regarding a Legal Malpractice Claim against Pate & Johnson as well Michele Hangley, I have attached pdfs of e.mails and documents that lay out a timeline. All PDFs are in chronological order.

You will learn about the following:

1) When Mr. Slimm first began asking for discovery via interrogatories for the Counterclaim (begin/mid August 2012). We (P&J, Rolf and I) began work late August 2012, but did not finish until September or later.

2) Discussion on including my salary from my corporate roles and why PP and MH nixed the idea. In other words, no e.mail exists with me turning down using an economist at all.

As you mentioned, we are pushing up against a deadline of six years, so the attached e.mails are few and relatively brief and will hopefully assist your evaluation as to whether we can file a Legal Malpractice suit or not against P&J, MH. I recommend that you begin reading each e.mail chain from last page to front page.

7/28/24, 8:21 PM AOL Mail - RE: Case Evaluation filed. COVID/Legal Malpractice Crisis Seashrine

Case 2:24-cv-08334-MEF-JBC    Document 1    Filed 08/07/24    Page 10 of 13 PageID: 10

Best regards,

Kristy

**Office: 770 - 271-1519**

**Cell:    404 - 578-8234**

**Fax:    770 - 573-3725**

Ferara vs. Konray

# Exhibit B

Timeline

Kristy L. Ferara * 711 Amberton Crossing * Suwanee, GA 30024-3030
Home Phone: 770 - 904 62 99

**Case Number: 1:12-cv-00329-JHR-KMW**

**BEGELMAN & ORLOW, P.C. v. FERARA**
Assigned to: Judge Joseph H. Rodriguez
Referred to: Magistrate Judge Karen M. Williams
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 01/18/2012
Jury Demand: Both
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

| Date | Doc | Event |
|------|-----|-------|
| *2012* | | |
| 01/18/2012 | 1 | COMPLAINT against KRISTY L. FERARA. Filed by BEGELMAN & ORLOW **Case description:** This case is about a client who is about to receive an IRS whistleblower award and we deserve our fair share. **Comment by Kristy Ferara:** IRS whistleblower award never issued. Final Determination 05/04/2017. |
| 01/19/2012 | 3 | MOTION for Preliminary Injunction, MOTION for Declaratory Judgment ( Responses due by 2/2/2012), MOTION for Attorney Fees by BEGELMAN & ORLOW |
| 03/15/2012 | 21 | MEMORANDUM OPINION AND ORDER denying 3 Motion for Preliminary Injunction, Declaratory Judgment, and Attorney Fees. Signed by Judge Joseph H. Rodriguez on 3/15/2012. |
| 06/05/2012 | 29 | Letter from Page A. Pate, Esq. advising the Court of Defendant retaining out of State Counsel. |
| 06/14/2012 | 32 | NOTICE of Appearance by MICHELE D. HANGLEY on behalf of KRISTY L. FERARA (HANGLEY, MICHELE) |
| 07/20/2012 | 36 | Amended ANSWER to Amended Complaint with Affirmative Defenses, COUNTERCLAIM against BEGELMAN & ORLOW by KRISTY L. FERARA. (HANGLEY, MICHELE) |
| *2013* | | |
| 02/11/2013 | 61 | Second Amended ANSWER to Amended Complaint Affirmative Defenses and, COUNTERCLAIM against BEGELMAN & ORLOW by KRISTY L. FERARA. (HANGLEY, MICHELE) **Case description:** This is a case about a law firm that misled its client about her lawer's suspension from practice; sued her for a contingent fee (a fee not owed to it at the time, and not owed to it now) without following the arbitration notice procedures required by th New Jersey Court Rules; threatened her with legal action if she exercised her indisputable right to terminate their engagement; breached her confidences and disclosed privileged information to the world; and accused her in public of being a thief, knowing that it had no basis to do so. These acts form the basis of the |

Page 1

Kristy L. Ferara * 711 Amberton Crossing * Suwanee, GA 30024-3030
Home Phone: 770 - 904 62 99

| Date | Doc | Event |
|------|-----|-------|
| | | Counterclaim of Defendant/Counterclaim Plaintiff Kristy Ferara [Doc. 36], in which she seeks relief for Plaintiff Begelman Orlow's equitable fraud, breaches of its fiduciary duty to her, and legal malpractice. |
| 12/09/2013 | 72 | MOTION for Summary Judgments, Declaratory Judgements by both parties. |
| **2016** | | |
| 12/08/2016 | 95 | OPINION. Signed by Judge Joseph H. Rodriguez on 12/8/2016. |
| 12/08/2016 | 96 | ORDER Defendant's Motion for Summary Judgment 72 is denied in part and granted is part: summary judgment is granted in favor of Defendant Ferara as to Counts I, II, and III of the Amended Complaint and denied as to Count IV; Plaintiff's Motion for Summary Judgment on the Counterclaim 74 denied in part and granted is part; Plaintiff's Motion for Partial Summary Judgment and for Issuance of a Constructive Trust 76 is denied. |
| **2017** | | |
| 02/21/2017 | 102 | Proposed Pretrial Order Joint by BEGELMAN & ORLOW. (POSERINA, REGINA) |
| 06/26/2017 | 115 | MOTION in Limine by BEGELMAN & ORLOW. (SLIMM, JOHN) |
| 07/17/2017 | 118 | BRIEF in Opposition filed by All Defendants re 115 MOTION in Limine (HANGLEY, MICHELE) |
| 07/24/2017 | 119 | RESPONSE in Support filed by BEGELMAN & ORLOW re 115 MOTION in Limine (SLIMM, JOHN) |
| 08/28/2017 | | K. Ferara in ER. Trial rescheduled to mid 2018. |
| **2018** | | |
| 03/08/2018 | 132 | ORDER dismissing without prejudice 115 Motion in Limine; granting 126 Motion to Withdraw as Attorney. (Attorney MICHELE D. HANGLEY terminated). This includes Attorneys Page Pate and Jess Johnson. |
| 05/07/2018 | 133 | NOTICE of Appearance by ROY JOSEPH KONRAY on behalf of KRISTY L. FERARA (KONRAY, ROY) |
| 06/28/2018 | | Settlement Conference / Trial Logistics Conference |
| 08/08/2018 | 138 | Consent Order. All Claims and Counterclaims dismissed. |